UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES OF
THE BUILDING SERVICE 32BJ HEALTH FUND,
THE BUILDING SERVICE 32BJ PENSION FUND,
THE BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND,
THE BUILDING SERVICE 32BJ LEGAL SERVICES FUND,
AND THE BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENT AND SAVINGS PLAN,

Civil Action No.
25-cv-1878

**COMPLAINT**

Petitioners,

-v-

MEHRAN KOHANSIEH a/k/a MIKE KOHAN,
a/k/a MIKE KOHEN, d/b/a
KOHAN RETAIL INVESTMENT GROUP, d/b/a
KOHAN RETAIL INVESTMENT GROUP LLC, d/b/a
LIVINGSTON MALL,

Defendant.
-----------------------------------------------------------------------------X

     Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund, the Building Service 32BJ Pension Fund, the Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, the Building Service 32BJ Legal Services Fund, and the Building Service 32BJ Supplemental Retirement and Savings Plan (collectively the "Funds"), as and for their Complaint against Mehran Kohansieh a/k/a Mike Kohan, a/k/a Mike Kohen, and d/b/a Kohan Retail Investment Group, d/b/a Kohan Retail Investment Group LLC (collectively the "Defendant"), respectfully allege as follows:

     1.     This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by employee health, pension, training, legal services, and retirement funds' trustees for contractual and other equitable

relief under, respectively ERISA and the Taft-Hartley Act, to secure performance by an employer of specific statutory and contractual obligations to pay the required contributions to the Funds by electronic transfer, as per the contractual and statutory requirements. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions when due as per the Funds' rules and regulations, Defendant is in breach of ERISA, the collective bargaining agreements, the Funds' Declarations of Trust, and the Funds' rules and regulations.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. Manny Pastreich, as Trustee, and the Trustees (the "Trustees") of the Building Service 32BJ Health Fund, the Building Service 32BJ Pension Fund, the Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, the Building Service 32BJ

      Legal Services Fund, and the Building Service 32BJ Supplemental Retirement and Savings Plan are trustees of the Funds, jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Trustees are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health insurance, pension, legal services, training, and retirement benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.     Manny Pastreich, and the other Trustees of the Funds (collectively the "Trustees") are employer and employee trustees of a multi-employer labor management trust fund organized and operated in accordance with ERISA and established by a Trust Agreement, as amended from time to time, pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, (29 U.S.C. § 1002(21). Consequently, the Trustees have standing to bring suit under 20 U.S.C. § 1132(a)(3) against employers for failing to

  make contributions to the respective Funds. The Trustees maintain their offices at 25 West 18th Street, City, County and State of New York.

6.  The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

7.  Manny Pastreich is the President of the Union and a Trustee for the Building Service 32BJ Health Fund, Building Service 32BJ Pension Fund, Building Service 32BJ Legal Services Fund, Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, and Building Service 32BJ Supplemental Retirement and Savings Plans. He is a trustee and fiduciary of the Building Service 32BJ Health Fund, Building Service 32BJ Pension Fund, Building Service 32BJ Legal Services Fund, Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, and Building Service 32BJ Supplemental Retirement and Savings Plan. Consequently, he has standing to bring suit under 20 U.S.C. § 1132(a)(3) against employers for failing to make contributions to the respective Fund.

8.  Upon information and belief, at all times material hereto Mehran Kohansieh ("Kohansieh") was and continues to be a New York resident, also known as Mike Kohan and Mike Kohen, residing at 5 Horizon Way, Great Neck, New York 11024, and doing business under the unincorporated names "Kohan Retail Investment Group" and "Livingston Mall", as well as "Kohan Retail

        Investment Group LLC", an entity not registered to do business in New Jersey, having a principal place of business at 1010 Northern Boulevard, Great Neck, New York 11021, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

9. Upon information and belief, Kohansieh exercised complete domination and control over Kohan Retail Investment Group, Livingston Mall, and Kohan Retail Investment Group, LLC, and each entity had common, if not identical, ownership and personnel, all entities sharing the office space and telephone numbers, and monies or funds of each entity were used by Kohansieh and that each entity was inadequately capitalized and intermingled funds with each of the entities.

10. Upon information and belief, at all times relevant, Defendant was party to a series of collective bargaining agreements (the "Agreements") with the Union covering employees performing covered work at *inter alia* 112 Eisenhower Blvd., Livingston, New Jersey, known as "Livingston Mall".

11. As part of the Agreements, signed under the trade name "Kohan Retail Investment Group", Defendant agreed to make benefit contributions to the Funds on behalf of employees covered by the Agreements. The Agreements explicitly authorize the Trustees of the Funds to bring any action necessary to collect any unpaid employee benefit contributions, and collect the associated principal, interest, liquidated damages, attorney's fees and costs of suit.

12. The Agreements further require Defendant to adhere to the Funds' respective

Declarations of Trust and rules and regulations.

13. On a going forward basis, contributing employers, including Defendant, reported eligible employees to the Funds in the Funds' Employer Self-Service System ("ESS"). Consistent with this reporting, the Funds provided benefit coverage and ESS charges employers, including Defendant, in accordance with the Agreements.

14. The Agreements, Funds' Declaration of Trust and Funds' collections policies require that employers upload employee information into ESS timely, and then make the payments associated with this employee information. Employer self-reporting is the only way that the Funds are able to determine what contributions are owed, and for whom, on a going forward basis.

15. Pursuant to Defendant self-reporting in ESS, the Funds enrolled certain employees of Defendant for health insurance, pension, legal, training, and retirement coverage for the time period August 2023 through the present. Despite this reporting, and the Funds' provision of benefits, Defendant has not made payment of the associated contributions.

## AS AND FOR A FIRST CLAIM FOR RELIEF
**(FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)**

16. The Funds repeats and realleges each allegation set forth in paragraphs 1 through 15 as if fully set forth herein.

17. Pursuant to the Agreement, there became due and owing to the Funds from Defendant, benefit contributions from August 1, 2023, through the date of this filing, pursuant to Defendant self-reporting in ESS.

18. For the period August 1, 2023, through the date of this filing, Defendant failed to pay the Funds no less than $95,865.84 in required contributions in violation of the Agreement. This amount is calculated based on information self-reported by Defendant in ESS.

19. The failure, refusal or neglect of Defendant to make the required contributions to the Fund constitutes a violation of the Agreements between Defendant and the Union with respect to the Fund as a third-party beneficiary. Further, per the explicit terms of the Agreement, the Trustees are authorized to commence litigation to collect any unpaid contributions, plus interest and damages.

20. Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued, pursuant to reporting in ESS, and that remain unpaid by Defendant, liquidated damages, plus interest, the Fund's attorney's fees, audit costs, and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

21. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

22. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

23. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit

       reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145), and pursuant to ERISA, the Trustees have standing to collect these unpaid contributions, plus interest and damages,.

24. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the Funds the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

25. Pursuant to the Agreement, there became due and owing to the Funds from Defendant benefit contributions from August 1, 2023, through the present, pursuant to ESS reporting.

26. For the period July 1, 2019, through the present, Defendant failed to pay the Funds no less than $95,865.84 in required contributions, in violation of the Agreement.

27. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

  WHEREFORE, plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions to date due to ESS reporting, in an amount of not less than $95,865.84;

b. against Defendant for payment of all contributions which become due during the pendency of this action, pursuant to ESS reporting, in accordance with ERISA § 502(g)(2) and the Agreement,

c. against Defendant for accrued prejudgment interest on all ESS contributions, including those untimely made prior to filing of the present suit, in accordance with ERISA § 502 (g)(2) and the Agreement,

d. against Defendant for statutory damages on all ESS contributions now due and which accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

e. for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
         March 6, 2025                          RAAB, STURM & GANCHROW, LLP

                                         By:  _____
                                              Samuel R. Bloom (SB1988)
                                              Attorneys for Plaintiffs Funds
                                              2125 Center Avenue
                                              Suite 100
                                              Fort Lee, New Jersey
                                              (Tel) 201-292-0150
                                              (Fax) 201-292-0152